1

2

3 ___ FILED    ___ ENTERED
  ___ LODGED   ___ RECEIVED

4    MAR 3 0 2006

5      AT SEATTLE
  CLERK U.S. DISTRICT COURT
  WESTERN DISTRICT OF WASHINGTON
6  BY                    DEPUTY

05-CV-00919-ORD

7

8             UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                    AT SEATTLE

10 SUN LIFE ASSURANCE COMPANY OF
   CANADA, a foreign insurer,

11            Plaintiff,              CASE NO. C05-0919C

12       v.                          ORDER

13 JAVON LOFTON, a single woman; LAURA
   MARSHALL, a single woman,

14

15           Defendants.

16        This matter has come before the Court on Defendant Marshall's motion for summary judgment

17 (Dkt. No. 12).  No opposition papers have been filed in response.  Having considered the record now

18 before the Court, the Court hereby GRANTS the motion.

19        Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions, and

20 provides in relevant part, that "[t]he judgment sought shall be rendered forthwith if the pleadings,

21 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

22 that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a

23 matter of law." FED. R. CIV. P. 56(c).  In determining whether an issue of fact exists, the court must

24 view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences

25

26 ORDER – 1

1  in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*,

2  84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient

3  evidence for a reasonable fact-finder to find for the non-moving party. *Anderson*, 477 U.S. at 248. The

4  moving party bears the burden of showing that there is no evidence which supports an element essential

5  to the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In order to defeat a

6  motion for summary judgment, the non-moving party must make more than conclusory allegations,

7  speculations or argumentative assertions that material facts are in dispute. *Wallis v. J.R. Simplot Co.*, 26

8  F.3d 885, 890 (9th Cir. 1994).

9        This case involves a dispute between two claimants for the life insurance benefits on the life of

10  decedent Gerald Lofton. Plaintiff does not deny that benefits are due. Rather, Plaintiff seeks to

11  determine to whom the benefits should be paid.

12        The record reflects that on July 15, 2004, Gerald Lofton completed, signed and submitted to his

13  employer a Beneficiary Designation for a life insurance plan naming Defendant Laura Marshall as the

14  beneficiary. (Landry Decl. Ex. 3.) Gerald Lofton passed away on December 12, 2004.

15        Defendant Javon Lofton submitted a claim for Mr. Lofton's insurance benefits, claiming to be

16  Mr. Lofton's wife, and enclosing a beneficiary designation form apparently signed and dated by Mr.

17  Lofton on December 6, 2004. (*Id.* Ex. 5.) Mr. Lofton's employer did not receive this form until

18  February 4, 2005. (*Id.* Ex. 6.) In addition, the employer's benefits manager noted that the enrollment

19  packet containing the beneficiary change forms had not been mailed to Mr. Lofton until December 9th or

20  10th, 2004, a few days after the date on the form received in February 2005. (*Id.*)

21        The policy language describing the procedure by which an insured may change his or her

22  designated beneficiary provides that "[a]ny request for change of Beneficiary . . . will take effect as of

23  the date the Employee signs and files the change with the Employer." (*Id.* Ex 7-3.) Here, the undisputed

24  fact is that the designation form listing Ms. Lofton as the beneficiary was not received by Mr. Lofton's

25  employer until February 4, 2005. This is almost two months after Mr. Lofton passed away. Thus, at the

26  ORDER – 2

1  time of Mr. Lofton's death, Ms. Marshall was still the beneficiary of the plan.  Under Michigan law,

2  which governs the insurance contract in this case (*id*. Ex. 7-3), Ms. Marshall's interest "attached

3  instantly upon the death of the insured." *Aetna Life Ins. Co. v. Owens*, 27 N.W.2d 607, 611 (Mich.

4  1947).  For these reasons, the Court finds that there remains no genuine issue of material fact that Ms.

5  Marshall is entitled to the remainder of the insurance proceeds.  Accordingly, Ms. Marshall's motion for

6  summary judgment is hereby GRANTED.

7       The Clerk of Court is hereby authorized and directed to release said $14, 581.08, plus accrued

8  interest, to Defendant Laura Marshall and her attorney of record, Larry J. Landry.

9       SO ORDERED this **30th** day of March, 2006.

UNITED STATES DISTRICT JUDGE

26  ORDER – 3